### WOOD *v.* STATE.

Opinion delivered September 26, 1921.

CRIMINAL LAW — HARMLESS ERROR.—In a prosecution for mur-
der, defendant's counsel in argument criticised the State for
failure to produce the overalls of the deceased worn by him
when shot, claiming that if produced they would show powder
burns, whereupon the prosecuting attorney produced a pair
of overalls and exhibited them to the jury. Upon objection by
the defendant's attorney, the court ordered the overalls removed,
which was done. *Held,* not prejudicial.

Appeal from Hempstead Circuit Court; *George R.
Haynie,* Judge; affirmed.

*R. P. Hamby* and *Steve Carrigan,* for appellant.

It was manifest error for the plaintiff to introduce
the overalls, which had not been identified, during the
closing argument. 3 Wigmore on Evidence, Sec. 1878;
1 Nott & M. C. 153; 2 N. C. Law Rep. 238; 4 S. & R. 480-
482; 16 Corpus Juris, 619.

The error was prejudicial and the case should be reversed.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* for appellee.

There was no error committed by the defendant in placing the overalls, which had not been identified, before the jury during the closing argument, but if it was error, it was invited error. 129 Ark. 18; 93 Ark. 66; 104 Ark. 528; 112 Ark. 267; 122 Ark. 509; 12 Cyc. 582; 61 Ark. 157.

SMITH, J. Appellant was indicted for killing Tom Noland, and upon his trial was convicted of voluntary manslaughter, and from the judgment of the court sentencing him to the peniteniary for a period of three years and six months has prosecuted this appeal.

The parties had disagreed about the settlement of an account between them. The State contended that appellant invited Noland to come to the mill yard, where the timber had been stacked, over which the dispute had arisen, to remeasure it. That, after appellant and Noland had met at the mill yard, appellant provoked a difficulty with Noland, and shot him when no demonstration of any kind was being made against appellant, and while the parties were standing eight or ten feet apart.

Appellant contends that he went to the mill by agreement to recheck the timber in dispute. That, after he had gone with Noland to the place where the timber had been piled, they found that part of it had been removed, and that it could not be rechecked. That Noland became angry, drew his knife and opened it, and grabbed appellant in the collar with his left hand and attempted to cut appellant with the knife, but appellant broke loose from Noland's hold, and pulled his pistol, and shot Noland in his self-defense.

It is recited in the bill of exceptions "that during the closing argument of Hon. Steve Carrigan, one of the attorneys for the defendant, he argued to the jury that

if the overalls of the deceased, worn at the time he was shot, had been introduced in evidence, they would have shown powder-burn where the bullet went through them, and said, 'Why didn't they introduce them in evidence?' During the course of the argument of the Hon. O. A. Graves, who concluded the argument for the State, he referred to the argument of Mr. Carrigan with regard to the overalls, and as to whether they would show powder-burn. At this instant the prosecuting attorney unwrapped a bundle and removed therefrom a pair of overalls and walked around behind Mr. Graves and hung the overalls on the back of a chair in the presence and in front of the jury, but neither he nor Mr. Graves referred to the overalls hanging on the chair. Immediately the Hon. Steve Carrigan, one of the attorneys for defendant, arose and objected to said overalls being brought in, for the reason they had not been identified as being the overalls worn by deceased at the time he was shot, and requested the court to order said overalls removed from the courtroom, and to instruct the jury not to consider the same. Thereupon the court ordered the prosecuting attorney to remove the overalls from the presence of the jury, which he did.''

No testimony had been offered by either side concerning the overalls, and they had not been offered in evidence, and the first reference made to the overalls appeared in Mr. Carrigan's argument.

It is earnestly insisted that the acts of the prosecuting attorney in producing in court a pair of overalls and exhibiting them to the jury constituted error so prejudicial that ''nothing the court could have said or done at the time could shut out from the jury's view or wipe out from their minds the impression made by what they had seen with their own eyes.''

In answer to this insistence it is said on behalf of the State that, if error was committed, it was invited by the conduct of appellant's counsel in making the affirma-

tive statement set out above concerning the condition of the overalls when the overalls had not been offered in evidence.

But, without deciding that question, we dispose of the assignment of error by saying that the action of the prosecuting attorney does not call for the reversal of the judgment. The overalls were not admissible in evidence because they had not been identified and had not been offered in evidence. This was the objection made by counsel for appellant, and that objection was sustained. The court ordered the prosecuting attorney to remove the overalls from the presence of the jury; and this he did.

Other exceptions were saved at the trial; but they are not discussed in the brief, and do not appear to be of sufficient importance to require discussion. Judgment affirmed.